UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

TANYA WILSON, :
    Plaintiff, :
     :
v. : No. 5:18-cv-00883
     :
UNITED STATES POSTAL SERVICE; and :
MEGAN J. BRENNAN, *Postmaster General*; :
    Defendants :

**O P I N I O N**
Defendants' Motion to Dismiss, ECF No. 9 - Granted

**Joseph F. Leeson, Jr.**                                                           **February 22, 2019**
**United States District Judge**

## I. INTRODUCTION

Plaintiff Tanya Wilson brings this Title VII action against her employer for its alleged action/inaction surrounding a coworker's alleged harassment of her. Defendants, the United States Postal Service ("USPS") and Megan J. Brennan, the current Postmaster General,[1] seek dismissal. For the reasons set forth below, the Motion to Dismiss is granted, and the Amended Complaint is dismissed as time-barred.

## II. STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555

---

[1]     Unless otherwise noted, Defendants are collectively referred to herein as USPS.

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. BACKGROUND

Wilson initiated this action asserting three violations of Title VII (discrimination-disparate treatment, retaliation, and discrimination- hostile work environment) and one violation of equal protection under 42 U.S.C. § 1983. *See* Compl., ECF No. 1. USPS filed a motion to dismiss, and in response, Wilson filed an Amended Complaint including a few additional factual allegations and removing the equal protection claim. USPS thereafter filed a Motion to Dismiss the Amended Complaint, which is the subject of this Opinion.

In the Amended Complaint, Wilson alleges that she began working for USPS in or around November 2014, and performed well. She alleges that in or around 2016, a male coworker began harassing her and requesting sexual favors, which she denied. In response to Wilson's rejection, the coworker allegedly began telling other employees that Wilson was "crazy" and should not be trusted. Wilson alleges that her coworker's harassment has led to her isolation in the workplace and caused her severe distress. Wilson allegedly reported the coworker's behavior to her supervisors, but no corrective action was taken. Wilson alleges,

instead, that "[s]oon after [she] made her reports, she was subjected to fabricated discipline in retaliation for her reports." Am. Compl. ¶ 25, ECF No. 8.

The Amended Complaint further alleges that in or around June 2017, the coworker called federal authorities and falsely reported that Wilson was in possession of a firearm and planned to perpetrate a mass shooting at work. The coworker allegedly informed multiple employees that he made the false report hoping that Wilson would be shot by authorities. The coworker was allegedly criminally charged for his false report. Wilson alleges that although USPS was aware of the coworker's false report, they did not discipline him and continued to schedule him and Wilson to work together. Wilson alleges that she complained to her supervisors that it was distressing to work with someone who wanted her killed, and that USPS informed her to switch her schedule to avoid the coworker. Wilson alleges that this suggestion was not sufficient because, as USPS knew, the coworker also continued to spread rumors about Wilson even when he was not in her presence. Additionally, USPS allegedly began requiring Wilson to perform work that involved lifting boxes despite her medical documentation stating that it was unsafe for her to perform this work, which Wilson alleges was in retaliation for her complaints of sex discrimination.

According to the Information for Pre-Complaint Counseling filed with the EEO,[2] Wilson requested an appointment with an Alternative Dispute Resolution Specialist on August 3, 2017, and returned the Information for Pre-Complaint Counseling form to the EEO Office within ten days of receipt. *See* Ex. A, ECF No. 9-2 and Ex. A, ECF No. 10. Wilson asserted therein that

---

[2] Although courts deciding motions to dismiss are generally limited to considering only the allegations in the complaint and the exhibits attached thereto, "with regard to employment discrimination cases, the court may consider both the right to sue letter and the charge of discrimination when deciding a motion to dismiss." *Pulukchu v. Hadco Metall Trading Co.*, No. 13-cv-4839, 2014 U.S. Dist. LEXIS 82758, at *7 (E.D. Pa. June 18, 2014).

she was discriminated[3] against based on her gender. *See id.* at Section B. She complained that she was sexually harassed and stalked by a male employee, and that he made a false 911 call alleging she had a gun. *See id.* Wilson asserted that she informed her supervisors, but that the male employee was not disciplined. *See id.* In describing the incident, Wilson stated that on June 8, 2017, she was called into a supervisor's office and informed that they had received a report that one of her coworker's had threatened to do something. *See id.* at Section C. Wilson also complained that the next night, June 9, 2017, when she arrived at work, her time card had been stolen and she reported this to her supervisors. *See id.* She alleged that a half-hour later, the police went to her job and informed her of the male employee's 911 call. *See id.*

## IV. ANALYSIS

Before bringing a Title VII claim in federal court, an aggrieved employee must first exhaust administrative remedies. *See* 42 U.S.C. § 2000e-16(c); *Killingsworth v. Potter*, 307 F. App'x 685, 687 (3d Cir. 2009). Such "exhaustion requires both consultation with an agency counselor and filing a formal EEOC complaint within the required times." *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). Pursuant to 29 C.F.R. § 1614.105(a), an aggrieved employee must initiate contact with an EEO counselor within forty-five days of the allegedly discriminatory act in an effort to informally resolve the matter. The employee must also file an employment discrimination charge with the State or local agency within either 180 or 300 days after the "allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). If the employee-plaintiff "fails to seek EEO counseling or file an EEO complaint within the statutory time period, the plaintiff's complaint is time barred" and should be dismissed. *Foster v. JLG Indus.*, 372 F. Supp. 2d 792, 802-03 (M.D. Pa. 2005).

---

[3] The section of the Information for Pre-Complaint Counseling form for "Retaliation Allegations" was left blank. *See* Ex. A at Section B.

USPS asserts that Wilson failed to timely exhaust administrative remedies because she did not seek EEO counseling until fifty-six days after the date of the alleged discriminatory incident. In response, Wilson admits that she waited fifty-six days before seeking counseling, but asserts that the continuing violation doctrine saves her complaint from being time-barred.

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. TWA*, 455 U.S. 385, 393-94 (1982). "One such equitable exception to the timely filing requirement is the continuing violation theory.[4] Under this theory, the plaintiff may pursue a Title VII claim for discriminatory conduct that began prior to the filing period if he [or she] can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant." *West v. Phila. Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995). To establish that a claim falls within the continuing violation doctrine, the plaintiff must demonstrate two things: (1) that at least one discriminatory act occurred within the filing period; and (2) that the discrimination is more than the occurrence of isolated or sporadic acts of intentional discrimination, but is a persistent, on-going pattern. *See id.* at 754-55. *See also Mikula v. Allegheny Cnty.*, 583 F.3d 181, 186 n.3 (3d Cir. 2009) (holding that under the continuing violation doctrine, "if a plaintiff has filed a charge of discrimination that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone" (internal quotations omitted)). "The reach of this doctrine is understandably narrow." *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014).

---

[4] Equitable tolling may also be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). None of these situations apply here.

USPS asserts that Wilson's continuing violation argument is misdirected because she is improperly suggesting that conduct occurring outside the limitations period makes unspecified conduct within the limitations period viable to support her claims. USPS argues that absent some allegation of discriminatory conduct within the limitations period, the continuing violation doctrine does not apply. USPS contends that the cases Wilson relies on in support are distinguishable because in each case, the plaintiff cited at least one act occurring within the limitations period. USPS further argues that there are no allegations of an ongoing practice, only allegations of discrete events of supervisors allegedly failing to act. USPS, noting that the allegations in the Information for Pre-Complaint Counseling are in the past tense, asserts that the continuing violation doctrine must be specifically pled in both the administrative filing and the federal complaint, but was not.

Wilson responds that she was not required to use the terminology "continuing violation" and it was clear from the substance of the Information for Pre-Complaint Counseling that she was still suffering from the same harassment and discrimination that underscored the June 8 incident described therein. Wilson relies on a sentence in her EEO filing stating that the male coworker asked her for sex and "has been stalk*ing* [her] inside and outside of work." *See* Ex. A at Section D (emphasis added). Wilson suggests that her use of the present perfect tense to describe the behavior shows that the discrimination was ongoing. Wilson further contends that she would not have requested, as a resolution to her pre-complaint, to be moved to day shift if the harassment had ceased.

The Information for Pre-Complaint Counseling refers to two specific incidents: one on June 8, 2017, and the other on June 9, 2017, both of which occurred more than forty-five days before Wilson initiated contact with an EEO counselor. There are no other specific dates mentioned, nor any other specific allegations of any discriminatory act. Wilson therefore fails to

demonstrate that at least one discriminatory act occurred within the filing period. *See Oliver v. Clinical Practices of the Univ. of Pa.*, 921 F. Supp. 2d 434, 444 n.11 (E.D. Pa. 2013) ("In order for the continuing violations doctrine to apply, there must be evidence that the *last act* of the continuing practice—not just any discriminatory practice—occurred within the limitations period." (emphasis added)).

Additionally, in both Sections B and D of the Information for Pre-Complaint Counseling, Wilson refers to the incident on June 9, 2017, and complains that the male coworker "was NOT diciplined [sic] for calling 911." *See* Ex. A at Section D (emphasis in original). It therefore appears that Wilson was complaining to the EEO of her supervisors' failure to act with respect to an isolated incident that occurred more than forty-five days before her EEO complaint. *See Gould v. Council of Bristol Borough*, 615 F. App'x 112, 116 (3d Cir. 2015) (holding that only a defendant's "affirmative acts" count for purposes of the continuing violation doctrine, not the continual ill effects from an original violation); *Oliver*, 921 F. Supp. 2d at 444 n.11 and 445 ("Acts that are taken by two different supervisors, acting independently, over different time periods generally demonstrate isolated events rather than a persistent, ongoing pattern of discrimination."). Wilson's suggestion that her use of the present perfect tense in Section D (alleging that a coworker "has been stalking" her) demonstrates that the stalking was ongoing at the time of her filing is without merit, especially considering that in Section B she wrote "stalk*ed* and harass*ed* by male employee" and in Section C she forgot proper grammar rules entirely (writing: "Friday night 6-9 *I came* to work and my time card *was stolen*"). *See* Ex. A (emphasis added). Her reliance on having requested to be moved to day shift as evidence that the harassment was ongoing is also not persuasive because she may simply not have wanted to work the same schedule as the coworker even after his harassment had ceased. *See Gould*, 615 F. App'x at 116 (focusing on "affirmative acts" for purposes of the continuing violation doctrine).

Thus, regardless of whether or not Wilson actually used the phrase "continuing violating" in the Information for Pre-Complaint Counseling, the substance of the allegations therein do not imply a persistent, on-going pattern of discrimination.

Having failed to demonstrate either requirement necessary to establish that a claim falls within the continuing violation doctrine, Wilson's late administrative filing is not subject to equitable tolling. *See Phillips v. Heydt*, 197 F. Supp. 2d 207, 217 (E.D. Pa. 2002) (holding that the continuing violation doctrine must be invoked by the substance of the allegations in both the administrative filing and the federal complaint). The discrimination and hostile work environment claims in the instant action are therefore time barred.

The retaliation claim is also time barred for these reasons. Additionally, Wilson completely failed to bring this claim before the EEO or to even attempt to exhaust administrative remedies. Although Wilson correctly asserts that she is not required to file an additional EEO complaint when discrimination or retaliation occurs after the filing of an administrative charge, *see Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984), the alleged retaliatory acts occurred before the Information for Pre-Complaint Counseling was filed with the EEO on August 3, 2017. The only allegedly retaliatory act mentioned in Count II (Retaliation) of the Amended Complaint is that USPS fabricated discipline. *See* Compl. ¶¶ 50-54. However, the fabricated discipline allegedly occurred "soon after" Wilson reported her coworker's sexual harassment and stalking behavior in 2016. *See* Compl. ¶¶ 20-25. She was therefore required to exhaust administrative remedies with respect to this claim.

For all these reasons, the Amended Complaint is dismissed. *See Shaw v. United States Postal Serv.*, No. 18-651, 2018 U.S. Dist. LEXIS 191964, at *15 (E.D. Pa. Nov. 9, 2018) ("Dismissal is appropriate where a plaintiff has failed to exhaust."). Because Wilson cannot cure the untimeliness of her complaint to the EEO, any further attempt to amend would be futile, and

the dismissal is with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (holding that leave to amend should be granted "unless amendment would be inequitable or futile").

**V.     CONCLUSION**

Before bringing a Title VII claim, the plaintiff must exhaust administrative remedies, which includes timely contacting an EEO counselor and timely filing an EEO complaint. Wilson admittedly did not seek counseling with the EEO within forty-five days of the allegedly discriminatory act. Her attempt to save the untimeliness by relying on the continuing violations doctrine fails because her EEO filing did not allege, either in name or substance, a discriminatory act within the statutory time period or a pattern of discriminatory behavior. The Amended Complaint is therefore time barred and is dismissed with prejudice.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge